IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MILLER (B70464), )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>DAVID GOMEZ, Warden, Stateville )<br>Correctional Center, )<br>)<br>Respondent. ) | Case No. 20 C 1680<br><br>Hon. Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Petitioner, Richard Miller, has filed a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal convictions for predatory criminal sexual assault and aggravated criminal sexual assault on grounds of ineffective assistance of appellate counsel. The matter is fully briefed. Because, as set forth below, his claims are procedurally defaulted, the Court denies the § 2254 petition and declines to issue a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

In an earlier order, this Court summarized the facts pertinent to Petitioner's state criminal conviction and associated proceedings, stating as follows:

> Following a bench trial, Petitioner was convicted of penetrating a five-year-old girl's mouth with his penis, and also placing his penis in the girl's hand. *Illinois v. Miller*, No. 2016 IL App (1st) 132579-U, 2016 WL 383615, at *5 (Ill. App. Ct. Feb. 1, 2016). The victim was the daughter of Petitioner's then live-in girlfriend. *Id*. at *1. The crimes took place while the mother was out of the home at work or school and Petitioner was watching the girl. *Id*. at *3. The victim told a cousin about the sexual assaults, and then her mother took her to the hospital. *Id*. The victim, who was nine years old at the time of trial, testified against Petitioner in open court detailing the sexual assaults. *Id*.

A pediatrician conducted an examination of the victim when her mother brought her to the hospital. *Id*. at *4. The doctor explained that sexual assaults of children often do not show physical signs of abuse when there is sufficient passage of time for injuries to heal. *Id*. The criminal conduct occurred sometime between May and November 2008, and the child reported the abuse (and was brought to the hospital) in December 2008. *Id*. at *1, *3. The child consistently reported the sexual assault to the pediatrician and a Department of Children and Family Services investigator. *Id*. at *3-*4.

Petitioner was initially arrested by the police, questioned, and released in December 2008. *Id*. at *4. In May 2009, Petitioner was again arrested and questioned by the police. He alleges that the questioning detectives refused to honor his request for a lawyer and to remain silent, and instead threatened him. *Id*. Per Petitioner, one of the detectives "choked" him, resulting in him being taken to the hospital for medical attention. *Id*. He saw a doctor at the hospital and was then returned to the police station. *Id*. Following his return to the police station, he gave a statement to an assistant state's attorney admitting to placing his penis in the girl's mouth one time when they were together in the bathroom. *Id*. at *4. He also admitted then masturbating into toilet paper to "finish[]" in the presence of the girl. *Id*. He said in the statement that this was the only sexual interaction he had with the girl. *Id*. Petitioner's confession was introduced into evidence at trial, but he repudiated the statement at trial, denying any sexual contact with the victim. *Id*.

Petitioner elected to proceed *pro se* at trial, and his court-appointed public defender participated in the case only for the limited purpose of conducting the direct examination of Petitioner. *Id*. at *3-*4. The trial judge, in his capacity as the finder of fact, credited the girl's testimony, noting it was corroborated by Petitioner's confession, which, the finder of fact concluded, was given voluntarily. *Id*. at *5. The finder of fact also noted that there was no evidence suggesting that the victim had a motive to fabricate her testimony against Petitioner. *Id*. As Petitioner had a prior conviction for aggravated criminal sexual abuse, the trial court imposed a mandatory life sentence for the predatory criminal sexual assault conviction, and a 20-year concurrent sentence for aggravated criminal sexual assault. *Id*.

On direct appeal, Petitioner, represented by counsel, unsuccessfully challenged the introduction of the victim's hearsay statements under 725 ILCS 5/115-10. *Id*. at *6-*8. He did not bring a petition for leave to appeal (PLA) to the Supreme Court of Illinois following the affirmance of his conviction on direct appeal by the state appellate court.

Petitioner brought a *pro se* postconviction petition before the state court asserting ineffective assistance of appellate counsel on direct appeal for failing to argue: (1) there was insufficient evidence supporting Petitioner's guilt; (2) the

2

> guilty verdict was against the manifest weight of evidence; (3) Petitioner was denied due process of law; (4) Petitioner was denied equal protection of the law; (5) the state failed to prove every element of the crime beyond a reasonable doubt; (6) denial of a fair trial; (7) the trial court erred by starting the trial three days after Petitioner chose to proceed *pro se*; (8) the trial court denied Petitioner the right to effective assistance of counsel at trial; (9) the trial court denied Petitioner's request for a continuance; (10) the verdict was based on facts that did not exclude Petitioner's innocence; and, (11) appellate counsel's errors as a whole resulted in a cumulative error. (Dkt. 25-7.) The petition was denied by the trial court. *Illinois v. Miller*, No. 2019 IL App (1st) 16166-U, 2019 WL 544426, at *6 (Ill. App. Ct. Feb. 8, 2019).
>
> On appeal, Petitioner, represented by counsel, raised the single issue that his appellate counsel on direct appeal was ineffective for failing to challenge the trial court's decision to commence the trial three days after Petitioner received discovery. (Dkt. 25-8.); *Miller*, 2019 IL App (1st) 16166-U, 2019 WL 544426, at *6. The state appellate court rejected the argument. *Miller*, 2019 IL App (1st) 16166-U, 2019 WL 544426, at *10, and also rejected Petitioner's effort to bring a *pro se* supplemental brief. (Dkt. 25-11, pg. 44.) Petitioner brought a PLA before the Supreme Court of Illinois renewing all of his ineffective assistance of appellate counsel arguments raised in his postconviction petition before the trial court. (Dkt. 25-11.) The PLA was denied. *Illinois v. Miller*, No. 124678, 124 N.E.3d 505 (Ill. May 22, 2019) (Table).

(Mar. 30, 2021 Order, Dkt. 32.)

Following the conclusion of the above-described state-court proceedings, Petitioner initiated this federal action by filing a habeas corpus petition, soon superseded by the operative amended petition (Dkt. 15). In the amended petition, he claimed to have received ineffective assistance of counsel due to counsel's failure to argue the following on direct appeal from his criminal conviction: (1) the prosecution failed to prove every element of the charges in the indictment beyond a reasonable doubt; (2) the trial court erred in admitting other crimes evidence; (3) the trial court erred in admitting out of court statements by the victim for the truth of the matter asserted; (4) the trial court erred in admitting the victim's prior consistent statements for the purpose of bolstering her credibility; (5) the prosecution failed to prove the *corpus delicti* of the

3

crime beyond a reasonable doubt; (6) the trial court wrongfully found Petitioner guilty of two separate offenses arising out of a single act; (7) the nine-year-old victim was an incompetent witness; (8) the trial court erroneously allowed the introduction of the victim's out-of-court statements under 725 ILCS 5/115-10; (9) the prosecution knowingly used perjured testimony from the victim; (10) the trial court erred in failing to suppress Petitioner's confession; and (11) the trial court erred in quashing Petitioner's arrest and suppressing associated evidence from it.

Shortly after filing his petition, Petitioner filed a motion to stay these proceedings during the pendency of his successive state postconviction petition, stating that he was "search[ing] for . . . witnesses" to support his claim of actual innocence. (Dkt. 6.) In addressing the motion, the Court reviewed the claims set forth in the amended petition and concluded that Petitioner exhausted his state-court remedies, *see* 28 U.S.C. § 2254(b)(1)(A), as to only one of his eleven grounds for relief, namely, Ground One, the claim that appellate counsel's assistance was ineffective for failure to argue that the prosecution had not sufficiently proved every element of the charges in the indictment. Ground One was exhausted even though, in appealing the denial of his postconviction petition, Petitioner raised it only in a *pro se* supplemental brief that the appellate court had rejected because the Office of the State Appellate Defender had already filed an opening brief on his behalf. (Am. Pet'n Ex. C, Dkt. 15 at 66; *see* Mar. 30, 2021 Order at 5 (citing *Kizer v. Uchtman*, 165 F. App'x 465, 467 (7th Cir. 2006)).) Petitioner failed to raise the other grounds at every level of one complete round of state-court review, *i.e.*, in his state postconviction petition, appeal from the denial of his state postconviction petition, *and* in a petition for leave to appeal the denial to the Illinois Supreme Court. (Mar. 30, 2021 Order at 5.) Having failed to exhaust the other grounds in

4

his initial postconviction proceedings, Petitioner can only exhaust them by obtaining leave to raise them in a successive postconviction petition in an Illinois court.

However, the Court explained, it would be futile to attempt to raise them in a successive postconviction petition because Illinois courts only consider successive postconviction petitions filed by petitioners who can satisfy the "cause and prejudice" test or demonstrate their actual innocence, and Petitioner can meet neither of these requirements. (*Id.* at 6.) He cannot satisfy the "cause" prong of the "cause and prejudice" test because he could have raised all of the claims he asserts here in his initial postconviction proceedings; there was no "'objective factor external to the defense that impeded'" him from doing so. (*Id.* (quoting *People v. Holman*, 91 N.E.3d 849, 857 (Ill. 2017) *called into question on other grounds by People v. Dorsey*, 183 N.E.3d 715, 727 (Ill. 2021)).) And he did not provide the Court with any evidence that he was actually innocent. While he stated that he was attempting to locate witnesses who might establish his innocence, he did not say how they would do so, nor is it apparent how they might, given that (a) the crimes occurred in a bathroom at the victim's home where only the Petitioner and the victim were present, (b) the victim testified against Petitioner, and the trier of fact found her testimony credible, and (c) Petitioner confessed to the crime (though he later recanted). (*Id.*) The Court denied the motion to stay, and the parties proceeded to brief the amended petition.

## **DISCUSSION**

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)); *see* 28 U.S.C. § 2254 ("[A] district court

5

shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Although the language of the habeas statutes has "evolved" and the scope of the writ has "expanded" over time, *Rasul*, 542 U.S. at 474, "'the basic question . . . to which the writ is addressed has always been the same: . . . is the detention complained of in violation of the Constitution or laws or treaties of the United States?'" *Withrow v. Williams*, 507 U.S. 680, 697-98 (1993) (O'Connor, J., concurring in part and dissenting in part) (quoting *Fay v. Noia*, 372 U.S. 391, 449 (1963) (Harlan, J., dissenting)).

When the habeas petitioner is a state prisoner, the federal habeas proceeding risks "intrud[ing] on state sovereignty to a degree matched by few exercises of federal judicial authority.'" *Brown*, 142 S. Ct. at 1523 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). To limit that risk, courts apply the judge-made doctrine of procedural default, which is "grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *see Brown*, 142 S. Ct. at 1523.

"Procedural default can occur in several ways, 'but two are paradigmatic.'" *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). The Court already addressed one of type of procedural default in its March 30, 2021 Order, in which it considered whether Petitioner had "exhaust[ed] the remedies available in the courts of" Illinois. 28 U.S.C. § 2254(b)(1)(A). A habeas petitioner must "'fairly present'" the issues he intends to raise, *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016) (quoting *Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010)), throughout one complete round of state-court

6

review—on direct appeal (if applicable)[1] and throughout all levels of any collateral review process available to him—so that the state courts have an "'opportunity to act on his claims,'" *Thomas*, 822 F.3d at 384 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). If he does not present his claims throughout all of these steps, and "'state courts . . . would [therefore] hold the claim procedurally barred,' [then] the procedural default doctrine precludes federal postconviction review." *Thomas*, 822 F.3d at 384 (quoting *Ward*, 613 F.3d at 696).

As the Court explained in its March 30, 2021 Order, Petitioner did not present any of his ineffective assistance claims throughout all phases of the state postconviction review process except Ground One, the claim that appellate counsel was ineffective for failure to challenge the sufficiency of the evidence. (Dkt. 32 at 5-6.) Further, the Court concluded that state courts would now hold the unexhausted claims procedurally barred because Petitioner could not meet the cause and prejudice test and lacked evidence of actual innocence. Petitioner has not provided, and the Court does not see, any reason to revisit the March 30, 2021 ruling. All of Petitioner's claims, apart from Ground One, are procedurally defaulted for failure to raise them at all levels of the state postconviction review process.

That leaves the question of whether the claim in Ground One is barred by the other "paradigmatic" type of procedural default, the "independent and adequate state-law ground doctrine." *Thomas*, 822 F.3d at 384 (citing *Coleman*, 501 U.S. at 729-30). "In the context of federal habeas corpus, the doctrine applies to preclude review where the state courts declined to address a petitioner's federal claims because the petitioner did not meet state procedural requirements." *Id.*

---

[1] Here, Petitioner's claims are of appellate counsel's ineffectiveness, so he could not have brought them on direct appeal.

7

The state procedural requirements in question must be "both independent of the federal question and adequate to support the judgment." *Richardson*, 745 F.3d at 268.

Respondent argues that Ground One is procedurally defaulted because the Illinois Appellate Court had an independent and adequate state-law ground for rejecting that claim without reaching the merits: Illinois's rule "disfavor[ing] hybrid representation," *i.e.*, disfavoring simultaneous self-representation and counseled representation. *Clemons*, 845 F.3d at 819; *see People v. Redd*, 670 N.E.2d 583, 601 (Ill. 1996), *People v. Pondexter*, 573 N.E.2d 339, 345 (Ill. App. Ct. 1991). The appellate court appeared to rely on this rule to reject the *pro se* supplemental brief in which Petitioner raised Ground One, explaining that counsel had already filed an opening brief on his behalf, so Petitioner "may not file another one." (Am. Pet'n Ex. C, Dkt. 15 at 66.)

In analogous circumstances, the Seventh Circuit recognized that even a discretionary procedural rule like Illinois's hybrid representation rule "'can serve as an adequate ground to bar federal habeas review.'" *Clemons*, 845 F.3d at 819-20 (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted)). While a state-law ground is only "adequate" if it is firmly established, regularly followed, and applied to the petitioner in a manner that does not impose "'novel and unforeseeable requirements,'" 845 F.3d at 820 (quoting *Walker*, 562 U.S. at 316, 320-21), the Seventh Circuit concluded in *Clemons* that there was nothing novel or unforeseeable in the Illinois Appellate Court's rejection of the petitioner's *pro se* supplemental brief when counsel had already submitted a brief on his behalf. To the contrary, the Seventh Circuit explained, the petitioner was "surely aware of the dilemma he faced: He could dispense with his counseled briefs and represent himself to ensure that his preferred arguments were raised, or he could roll the dice and hope that the court would make an exception to the rule against hybrid

8

representation." *Id.* There was nothing "unusual or unfair" about this choice. *Id.* Thus, because the "state appellate court applied its general rule that hybrid representation is disfavored and declined to accept [the petitioner's] pro se brief because he was represented by counsel," there was an "independent and adequate state ground of decision" that "precluded federal habeas review" of the petitioner's claim. *Id.*

This case is no different, so *Clemons* controls the outcome here. As in *Clemons*, the Illinois Appellate Court's refusal to consider the arguments in Petitioner's *pro se* supplemental brief when he had already submitted a counseled brief conformed to the general rule under Illinois law, which was an independent and adequate state-law ground for the decision. Even if the Court were inclined to rule otherwise, it would be constrained to follow *Clemons* in these circumstances. *See Baggett v. Pfister*, No. 14 C 2798, 2017 WL 4339793, at *9 (N.D. Ill. Sept. 29, 2017) (citing *Clemons*, 845 F.2d at 820); *see also Brown v. Calloway*, No. 16 C 10249, 2017 WL 5890925, at *4 (N.D. Ill. Nov. 29, 2017).

Petitioner makes no reply to Respondent's argument on this issue other than to reassert that he has exhausted Ground One by raising it in his *pro se* supplemental brief. He is correct, the fact that the Illinois Appellate Court rejected the brief notwithstanding. *See Latimore v. Roberson*, No. 14 C 2926, 2016 WL 397292, at *9 (N.D. Ill. Feb. 1, 2016) (citing *Kizer*, 165 F. App'x at 467). But this is beside the point. As the Court has explained, the independent and adequate state ground doctrine concerns a different type of procedural default, distinct from exhaustion. The question is not about whether he raised the issue; it is about what happened next. When petitioner attempted to raise the issue, the Illinois Appellate Court relied on the hybrid representation rule to refrain from reaching it, and to reach the merits of the issue now would "undermine [Illinois's] interest in

9

enforcing its laws" and "render[] ineffective the state rule just as completely as . . . revers[ing] the state judgment on direct review," which federal courts have no power to do. *Coleman*, 501 U.S. at 730-31; *see Johnson v. Greene*, No. 16 C 2964, 2021 WL 4477956, at *9 (N.D. Ill. Sept. 30, 2021). Therefore, "principles of comity and federalism dictate against upending" the state-court judgment. *Thomas*, 822 F.3d at 384 (citing *Coleman*, 501 U.S. at 730).

Thus, all eleven of the claims Petitioner raises in his amended habeas petition, including Ground One, are procedurally defaulted. Ground One was rejected by the Illinois Appellate Court on an independent and adequate state-law ground, which precludes federal habeas review by this Court. The other grounds are all unexhausted because Petitioner failed to present them to the Illinois state courts at every level of postconviction review, and Petitioner is now barred from raising them under Illinois law. Petitioner's amended § 2254 petition is denied.

Finally, Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to consider whether to issue a certificate of appealability ("COA"). Where, as here, a court denies a petition for procedural reasons, a "litigant seeking a COA must demonstrate that [the] procedural ruling barring relief is itself debatable among jurists of reason," such that the issues presented are adequate to "'deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the record and controlling law are clear, so the Court sees no basis for genuine debate over whether Petitioner's claims were procedurally defaulted, and therefore no reason why the question deserves encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

10

## **CONCLUSION**

For the reasons set forth above, the Court denies Petitioner's amended habeas petition [15] with prejudice. The Court declines to issue a certificate of appealability. Civil case terminated.

**SO ORDERED.**  ENTERED: September 16, 2022

_____
**HON. JORGE ALONSO**
**United States District Judge**